IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 09-cv-03020-LTB

CHARLES MARTINEZ,

    Applicant,

v.

JULIE WANDS, Warden Federal Correctional institution, Florence, Colorado,

    Respondent.
_____

ORDER
_____

    This matter is before me on an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Charles C. Martinez, an inmate at the Federal Correctional Institution in Florence, Colorado (Federal Registration No. 28620-013)("Applicant"). [**Doc #5**]. Applicant seeks an order directing the Bureau of Prisons – specifically, Respondent Julie Wands as the Warden Federal Correctional institution, Florence, Colorado, as Applicant's custodian – to "credit [him] with pre-sentence time that was granted . . . at the time of [his] sentencing." I likewise consider the related Request for Preliminary Injunction for Respondents Failure to Show Cause Why Habeas Petition Should Not Be Granted in which Applicant seeks a preliminary injunction and that I grant his request for a writ of habeas corpus. [**Doc # 20**]. After consideration of the parties arguments and my review of the record, I DENY the Application and DENY the Request for Preliminary Injunction.     ,

I.  BACKGROUND

On August 15, 2006, a warrant was issued for Applicant's arrest for violation of his supervised release.  Before he was arrested, however, Applicant committed a bank robbery on September 7, 2006, in violation of 18 U.S.C. § 2113.  Thereafter, on September 28, 2006, Applicant was arrested on the pending Supervised Release Violator Warrant.

On January 16, 2007, Judge Daniel sentenced Applicant to a term of incarceration of 10-months for a Supervised Release Violation  (Case No. 99-CR-00017-WYD).  At that sentencing, Judge Daniel recommended that the Bureau of Prisons credit Applicant with 111 days of prior custody credit.

Approximately five months later, on July 3, 2007 – following his guilty plea to the September 7, 2006 bank robbery – I sentenced Applicant to a 65-month term of incarceration, to be followed by three years of supervised release (Case No 07-CR-00073-LTB).  I ordered that the total term of imprisonment be "sixty-five (65) months concurrent with the sentence imposed in Case No. 99-cr-00017-WYD-01," which was the 10-month term of incarceration previously imposed by Judge Daniel.  I note that the only recommendation I made to the Bureau of Prisons as part of my sentence was a "[d]esignation to a facility with a Residential Drug Abuse Program (RDAP), and that Defendant take advantage of that program."

The record of Applicant's sentencing hearing reveals that counsel discussed that a concurrent sentence would not commence at the same time as the sentence imposed in 99-CR-00017-WYD, but rather would result in only a month difference.  As a result, defense counsel specifically requested that I impose a sentence that was less that what was recommended by the Probation Department in order to account for the lack of significant benefit Applicant would

receive for concurrent sentences. When making my findings of fact I noted that "the policy statements of the Sentencing Guidelines . . . suggested a consecutive sentence, although it is a – almost a moot point in your case." Then, after ruling that Applicant was to be committed to the custody of the Bureau of Prisons for a term of 65 months, I specifically noted that I was cutting or decreasing his sentence by six months. I then ruled that "the term of imprisonment imposed by this judgment shall run concurrently to your imprisonment pursuant to the judgment in docket no. 99-cr-17-WYD." The record of the hearing reveals that the only recommendation I made to the Bureau of Prisons was for availability of a drug treatment program.

Applicant's projected release date is November 12, 2011. In this application for habeas corpus relief, Applicant asserts that this release date is erroneous in that is fails to credit him for the 5 months and 17 days (between January 17 and July 3, 2007) he spent serving his supervised release violation sentence in 09-CR-00017-WYD and while awaiting charging and sentencing on the bank robbery charge in 07-CR-00073-LTB.

## II. ANALYSIS

Applicant accurately asserts that the 65-month term of imprisonment that I sentenced him to for bank robbery on July 3, 2007 in 07-CR-00073-LTB was to run concurrently with the 10-month sentence he was already serving for his supervised release violation in 99-CR-00017-WYD. As a result, he now claims that he began serving the sentence I imposed in July 2007 in 07-CR-0073-LTB at the time he began serving his sentence in 99-CR-00017-WYD in January of 2007. As such, Applicant is asserting that he is entitled to a credit for that time – essentially, he is seeking credit for his pre-sentence detention status while he was serving his sentence in 99-CR-00017-WYD and awaiting charging and sentencing.

3

As discussed above, it is clear from the record at the sentencing hearing that the sentence I imposed neither contemplated credit for pre-sentence detention, nor does the record indicate that because the sentence was concurrent to the sentence in 09-00017-WYD, it was to be calculated from the time that sentence commenced. Furthermore, both possibilities would be contrary to the law. When calculating a term of imprisonment, 18 U.S.C. § 3585(a) provides that a sentence commences on the date it is imposed; this is the case even when the sentence is to run concurrent with a sentence already being served. *Demartino v. Thompson,* 116 F.3d 1489, 1997 WL 362260 (10th Cir. 1997)(unpublished opinion). Moreover, when calculating a term of concurrent sentences, 18 U.S.C. § 3585(b) provides that prior custody credit cannot be granted if the time has already been credited toward another sentence. *Id.* "[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served." *Id.* (*quoting Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983)(italics in original)). *See also United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 l.Ed.2d 593 (1992)(find that 18 U.S.C. § 3585(b) is "clear that a defendant could not receive a double credit for his detention time"). Therefore, I conclude that Applicant has failed to establish a sufficient legal or equitable basis for issuance of the writ of habeas corpus sought here.

ACCORDINGLY, for the foregoing reasons, I DENY the Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc #5**], and I likewise DENY Applicant's

Request for Preliminary Injunction for Respondents Failure to Show Cause Why Habeas Petition Should Not Be Granted. [**Doc # 20**].

Dated: June   2  , 2010  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, JUDGE